# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Philadelphia Indemnity Insurance Company, | Case No. 24-CV-01075 (JMB/DJF) |
|     Plaintiff, | |
| v. | **ORDER** |
| Cambria Company, LLC, | |
|     Defendant. | |

This matter is before the Court on Defendant Cambria Company, LLC's (Cambria) Motion to Stay, Dismiss, or Transfer this case to the Central District of California. (Doc. No. 13.) Cambria seeks to dismiss or to stay the claims against it due to a parallel lawsuit currently proceeding in the Central District of California. (*Id.*) In the alternative, Cambria seeks to transfer venue of the claims against it to the Central District of California. (*Id.*) Plaintiff Philadelphia Indemnity Insurance Company (Philadelphia) has filed a similar motion to transfer the case pending in California to the District of Minnesota. *See* Motion to Transfer Case (Doc. No. 17), *Cambria Co. LLC v. Phil. Indem. Ins. Co.*, No. 24-CV-01913 (MEMF/MRW) (C.D. Cal. Apr. 3, 2024).

The parties do not dispute, and the Court finds, that the parties and issues in this case and the California action are substantially similar—if not functionally identical. (*See* Doc. No. 14 at 11; Doc. No. 20 at 1–2.) Cambria filed its complaint in the Central District

of California on March 8, 2024 (Case No. 24-CV-01913 Doc. No. 15-1), and Philadelphia filed its complaint with this Court on March 27, 2024 (Doc. No. 1).

Judicial handling of cases of concurrent jurisdiction is "a matter of federal comity." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). "The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quotation omitted). As such, it is the prerogative of the court hearing the first-filed case to determine the applicability of the first-filed rule. *See, e.g.*, *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (affirming the decision by the court hearing the first-filed action to dismiss the case based on exceptions to the first-filed rule, allowing the case to proceed in the court hearing the second-filed action); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[T]he general principle is to avoid duplicative litigation.").

As noted above, Philadelphia filed its complaint with this Court nineteen days after Cambria filed the parallel complaint in the Central District of California. Therefore, the Court declines to address Cambria's motion until the Central District of California rules on the pending motion before it.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This case is stayed pending the Central District of California's decision on Philadelphia's Motion to Transfer;

2. The Motion Hearing set for July 9, 2024, before Judge Jeffrey M. Bryan is cancelled; and

3. The parties shall contact the Court by email to chambers within five days of the Central District of California's decision to request a status conference with the Court.

Dated: July 3, 2024                                                     /s/ *Jeffrey M. Bryan*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge Jeffrey M. Bryan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court